**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EW PUMPS, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  4:24-cv-430 |
| | § | |
| SHALEPUMPS, LLC, and | § | |
| JASON WILLIAMS, | § | |
| | § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT

Plaintiff EW Pumps, LLC ("Plaintiff" or "EW Pumps"), by and through its undersigned counsel, brings this Complaint against Defendants ShalePumps, LLC ("ShalePumps") and Jason Williams ("Williams"), ShalePumps' President and Director of Engineering (collectively, ShalePumps and Williams are referred to herein as "Defendants") and allege as follows:

### I.       Parties

1.       EW Pumps is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 12012 Wickchester Ln., Suite 130-170, Houston, TX 77079.

2.       Upon information and belief, Defendant ShalePumps is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 5615 Clara Rd., Houston, TX 77041.

3.       Defendant Williams is ShalePumps' President and Director of Engineering, who, upon information and belief, resides at 5615 Clara Rd, Houston, Texas 77041. On information and belief, Defendant Williams directs controls, ratifies, participates in, and/or is the moving force behind the infringing activity of Defendant ShalePumps.

4.      Upon information and belief, Defendant Williams is the grandson of Ellis Williams, the founder of the Ellis Williams Engineering Company.

5.      Defendants are subject to personal jurisdiction in this District because the Defendants: (i) engage in substantial and not isolated activity within this state; and/or (ii) operated, conducted, engaged in, or carried on a business or business venture in this state; and/or (iii) committed a tortious act within this state.

## II.      Jurisdiction And Venue

6.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and Defendants are using infringing trademarks in this judicial district.

## III.      Statement of the Claim

8.      This case involves Defendants' unauthorized use of Plaintiff's trademarks, Defendants' false claims of ownership of Plaintiff's trademarks, and Defendants' fraudulent registration of the marks ELLIS WILLIAMS and EWECO (the "Infringing Marks"), which are identical terms and confusingly similar to Plaintiff's ELLIS-WILLIAMS, ELLIS WILLIAMS ENGINEERING COMPANY, and EWECO marks (collectively, "Plaintiff's Marks").

9.      Both Plaintiff's Marks and the Infringing Marks are used in connection with various types of pumps, such as positive displacement mud and drilling pumps in the oil and gas industry, as well as the maintenance and repair of such pumps.

10.     Plaintiff acquired Plaintiff's Marks from Weatherford U.S., L.P. ("Weatherford"), via a November 16, 2020 Purchase Agreement (the "EW Bill of Sale").  Weatherford originally acquired Plaintiff's Marks, via a 2008 Asset Purchase Agreement, from Ellis Williams Engineering Company and the shareholders of the Ellis Williams Engineering Company (the "Weatherford Purchase Agreement").  Since 2008, and up until the sale to Plaintiff via the EW Bill of Sale, Weatherford, upon information and belief, used Plaintiff's Marks in commerce and otherwise maintained their validity.

11.     Unbeknownst to Plaintiff, subsequent to the execution of the EW Bill of Sale, Defendant ShalePumps, at the direction of Defendant Williams, applied to register the Infringing Marks, initially filing to register EWECO, Serial No. 90/343,120, on November 25, 2020 and later ELLIS WILLIAMS, Serial No. 90/827,818, on July 14, 2021.  Defendant ShalePumps received registrations for the Infringing Marks on May 3, 2022 for EWECO, Reg. No. 6,719,949, and March 21, 2023 for ELLIS WILLIAMS, Reg. No. 7,007,469.

12.     Registrations for Defendants' Infringing Marks were obtained by fraud. Defendant Williams, on behalf of Defendant ShalePumps, on at least two different occasions for each of the Infringing Marks, attested in filings with the USPTO that "to the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." At the time of Defendants' attestations, Plaintiff's Marks were owned and being used by Weatherford or Plaintiff in connection with goods and services highly similar to those in Defendants' trademark filings for the Infringing Marks.

13.     Further evidence that the Infringing Marks were obtained by fraud is Defendant Williams' claim, on behalf of ShalePumps, that ShalePumps used the ELLIS WILLIAMS trademark in U.S. commerce in connection with the goods and services as set forth in App. No. 90/827,818 at least as early as 2015. In the event that this claim is true, Defendant ShalePumps' use would have amounted to trademark infringement of Plaintiff's Marks, which were owned by Weatherford at the time.

14.     Defendants have been using the Infringing Marks in commerce in direct competition with Plaintiff's Marks, and have themselves recognized instances of actual confusion, as noted in their letter from counsel to EW Pumps, dated August 18, 2023.

15.     As a result, Plaintiff seeks injunctive and monetary relief for (a) false designation of origin, false or misleading description of fact, and false or misleading representation of fact in commerce under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (b) common law trademark infringement and unfair competition under the laws of the State of Texas; (c) unjust enrichment under the laws of the State of Texas; (d) cancellation of the registrations of the Infringing Marks with the USPTO due to fraud; and (e) civil liability for false or fraudulent registration.

### IV.     Statement of Facts

**A.  Plaintiff's Business**

16.     Plaintiff is a manufacturer and distributor of continuous duty mud pumps, such as positive displacement mud and drilling pumps in the oil and gas industry, as well as is an original equipment manufacturer ("OEM") of related spare parts and provider of services associated with the same.

17.    Plaintiff offers a line of continuous duty mud pumps, as well as offers related inspection, repair, and maintenance services (collectively, "Plaintiff's Products") in interstate and intrastate commerce.

18.    Since at least as early as 2020, Plaintiff has continuously used, in interstate and intrastate commerce, Plaintiff's Marks in connection with Plaintiff's Products.

19.    Plaintiff devotes substantial effort, time, and resources to ensuring the high quality of Plaintiff's Products, including those associated with Plaintiff's Marks.

20.    As a result of its widespread, continuous and exclusive use of Plaintiff's Marks to identify Plaintiff's Products, Plaintiff owns valid and subsisting common law rights to Plaintiff's Marks.

21.    Attached hereto as **Exhibit 1** are true and accurate copies of advertising materials showing examples of Plaintiff's use of Plaintiff's Marks in interstate commerce.

**B.  History of Ownership and Use of Plaintiff's Marks**

22.    Plaintiff's Marks were originally owned and/or used by Ellis Williams Engineering Company and/or the shareholders of the Ellis Williams Engineering Company in connection with goods similar to Plaintiff's Products.

23.    On July 16, 2008, Ellis Williams Engineering Company and the shareholders of the Ellis Williams Engineering Company entered into the Weatherford Purchase Agreement with Weatherford, whereby Weatherford acquired all right, title and interest in, *inter alia*, Plaintiff's Marks.

24.    Among other provisions, the Weatherford Purchase Agreement transferred to Weatherford "[a]ll rights to the names 'Ellis Williams Engineering Company' and 'EWECO' and any derivatives thereof (whether owned by the company or the Shareholders)."

25.     As part of that transfer, Weatherford received all right, title and interest in, *inter alia,* the U.S. federal trademark registration for the EWECO & Design mark (Reg. No. 3440050).

26.     On January 9, 2015, the United States Patent and Trademark Office ("USPTO") cancelled Reg. No. 3440050 for  failure to file a Declaration of Use and/or Excusable Nonuse under Section 8.

27.     Despite Weatherford's failure to file a Declaration of Use and/or Excusable Nonuse under Section 8 for the Reg. No. 3440050, upon information and belief, since July 16, 2008, and up until the sale of Plaintiff's Marks from Weatherford to Plaintiff, Weatherford continuously used Plaintiff's Marks in commerce in the United States and otherwise maintained their validity.

28.     On November 16, 2020, Plaintiff and Weatherford entered into the EW Bill of Sale.

29.     As part of the EW Bill of Sale, Plaintiff acquired from Weatherford*, inter alia*, all right, title and interest in, to and under "Weatherford's rights to the names 'Ellis Williams Engineering Co.' and 'EWECO' and any derivatives thereof, but excluding 'Weatherford,' and any derivatives thereof, or any other Weatherford trademark (whether registered or unregistered)."  Attached hereto as **Exhibit 2** is the EW Bill of Sale.

30.     Since this time, Plaintiff has continuously used Plaintiff's Marks in commerce throughout the United States in connection with Plaintiff's Products.

**C. Defendants' Unlawful Activities**

31.     Upon information and belief, Defendant ShalePumps, without Plaintiff's permission and through the actions and/or direction of Defendant Williams who is Defendant

ShalePumps' moving conscious force in the infringement, adopted and uses throughout the United States, the identical and/or confusingly similar Infringing Marks ELLIS WILLIAMS and EWECO in connection with competing goods and services related to continuous duty mud pumps.

### Defendant ShalePumps' Application to Register "EWECO" (App. No. 90/343,120; Reg. No. 6,719,949)

32.     On or about November 25, 2020, Defendant ShalePumps filed Application No. 90/343,120 with the USPTO seeking registration of the mark for EWECO in connection with "oilfield equipment, namely, drilling and well services equipment in the nature of drilling machines and oil-well pressure pumping machines for hydraulic fracturing and replacement parts therefor" in International Class 7 and "repair and maintenance of oil and gas drilling equipment" in International Class 37 based on an alleged intent-to-use the mark in U.S. commerce (the "Infringing EWECO Application"). A true and correct copy of the Infringing EWECO Application is attached hereto as **Exhibit 3.**

33.     The Infringing EWECO Application included a declaration from Defendant Williams attesting under oath that "all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true." *Id.*

34.     In the Infringing EWECO Application, Defendant Williams represented to the USPTO, on behalf of Defendant ShalePumps, that "to the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." *Id.*

35.     On February 14, 2022, after the USPTO issued the Notice of Allowance for Defendant ShalePumps' EWECO mark, Defendant ShalePumps filed a Statement of Use along with a specimen of use, alleging that it had used the EWECO mark in U.S. commerce in connection with the goods and services in the Infringing EWECO Application since at least as early as 2021. Attached hereto as **Exhibit 4** is the Statement of Use filing in connection with the Infringing EWECO Application.

36.     The Statement of Use filing for the Infringing EWECO Application included a sworn declaration from Defendant Williams who stated that "all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true." *Id*.

37.     In the Statement of Use filing for the Infringing EWECO Application, Defendant Williams, again, represented to the USPTO that "to the best of [his] knowledge and belief, no other persons except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive." *Id*.

38.     In reliance upon Defendants' representations, the USPTO accepted Defendant ShalePumps' Statement of Use, and on May 3, 2022 issued Registration No. 6,719,949 (the "Infringing EWECO Registration") for the designation "EWECO" for use in connection with the goods and services in the Infringing EWECO Application.

### Defendant ShalePumps' Application to Register "ELLIS WILLIAMS" (App. No. 90/827,818; Reg. No. 7,00,7469)

39.     On or about July 14, 2021, Defendant ShalePumps filed Application No. 90/827,818 with the USPTO seeking registration of the mark for ELLIS WILLIAMS in

connection with "positive displacement pumps; circulating pumps; pumps for machines; submersible pumps; silt pumps; sump pumps; high-pressure pumps for use in oil or gas well hydraulic fracturing operations; drilling pumps; mud pumps" in International Class 7 and "construction, repair and maintenance of pump equipment" in International Class 37 based on an alleged intent-to-use the mark in U.S. commerce (the "Infringing ELLIS WILLIAMS Application"). A true and correct copy of the Infringing ELLIS WILLIAMS Application is attached hereto as **Exhibit 5**.

40.     The Infringing ELLIS WILLIAMS Application included a declaration from Defendant Williams attesting under oath that "all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true." *Id*.

41.     In the Infringing ELLIS WILLIAMS Application, Defendant Williams represented to the USPTO, on behalf of Defendant ShalePumps, that "to the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." *Id.*

42.     On January 11, 2023, after the USPTO issued the Notice of Allowance for the Infringing ELLIS WILLIAMS Application, Defendant ShalePumps filed a Statement of Use along with a specimen of use, alleging that it had used the ELLIS WILLIAMS mark in U.S. commerce in connection with the goods and services in the Infringing ELLIS WILLIAMS Application since at least as early as 2015. Attached hereto as **Exhibit 6** is a copy of the Statement of Use filed in connection with the Infringing ELLIS WILLIAMS Application.

43.     The Statement of Use filing for the Infringing ELLIS WILLIAMS Application included a sworn declaration from Defendant Williams, who, again, stated that "all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true." *Id*.

44.     In the Statement of Use filing for the Infringing ELLIS WILLIAMS Application, Defendants, for a fourth time, represented to the USPTO that "to the best of [its] knowledge and belief, no other persons except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive." *Id*.

45.     In reliance upon Defendant ShalePumps' representations, the USPTO accepted Defendant ShalePumps' Statement of Use, and on May 3, 2022 issued Registration No. 7,007,469 (the "Infringing ELLIS WILLIAMS Registration") for the designation "ELLIS WILLIAMS" for use in connection with "positive displacement pumps; circulating pumps; pumps for machines; submersible pumps; silt pumps; sump pumps; high-pressure pumps for use in oil or gas well hydraulic fracturing operations; drilling pumps being a form of positive displacement fluid pump for use in oil or gas well operations; mud pumps being a form of positive displacement fluid pump for use in oil or gas well operations" in International Class 7 and "construction, repair and maintenance of pump equipment" in International Class 37.

### Defendants' Infringing Use of the Infringing Marks

46.     Upon information and belief, Defendant ShalePumps, through the direction of Defendant Williams, provides, markets, advertises, promotes, offers for sale, and sells its goods

and services using the Infringing Marks. Examples of the referenced Defendant ShalePumps' use of the Infringing Marks, including the specimens submitted to the USPTO evidencing use of the Infringing Marks, are attached as **Composite Exhibit 7**.

47.     The Infringing Marks adopted and used by Defendants are identical and/or confusingly similar to Plaintiff's Marks. Specifically, Defendants' EWECO Mark is visually, phonetically, and aurally identical to Plaintiff's EWECO mark. Further, Defendants' ELLIS WILLIAMS mark is highly similar visually and aurally to Plaintiff's marks for ELLIS-WILLIAMS and ELLIS WILLIAMS ENGINEERING COMPANY. The use of a hyphen and/or the generic phrase "ENGINEERING COMPANY" in Plaintiff's ELLIS-WILLIAMS and ELLIS WILLIAMS ENGINEERING COMPANY marks is not sufficient to distinguish the parties' respective marks.

48.     Defendant ShalePumps, by and through Defendant Williams, and/or at his direction, offer in connection with its Infringing Marks the same type of goods and services as offered by the Plaintiff, specifically goods and services related to continuous duty mud pumps.

49.     Defendant ShalePumps' products, which are offered under and in connection with the Infringing Marks, are advertised, promoted, offered for sale, and sold to the same consumers and in the same channels of trade by and through which Plaintiff markets Plaintiff's Products.

50.     Defendants' use of the Infringing Marks has caused and is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association between the parties or as to the origin, sponsorship, or approval of the parties' goods and services.

51.     On August 18, 2023, Defendant ShalePumps' counsel sent a cease-and-desist letter to Plaintiff objecting to Plaintiff's use of Plaintiff's Marks. Attached hereto as **Exhibit 8** is a true and correct copy of the cease-and-desist letter to Plaintiff.

52.     According to Defendants themselves, Defendants' infringing acts as alleged above have resulted in actual confusion between Plaintiff's Marks and Defendant ShalePumps' Infringing Marks for identical goods and services.  Specifically, in the August 18, 2023 cease-and-desist letter, Defendant ShalePumps states that it "has received queries from customers asking about our client's [Defendant ShalePumps] association with your company [Plaintiff]. This constitutes actual confusion in the marketplace." *Id.*

53.     On at least two different occasions, Defendant Williams has published public posts on his personal LinkedIn page which use the Infringing Marks and include false representations to promote and advertise the goods and services of Defendant ShalePumps, including:

(a) On or around January 24, 2024, Defendant Williams published a LinkedIn post that

states:

"Many will imitate but there is only one original and the original is worth more than a Chinese manufactured imitation. True 24/7/365 continuous duty performance in every unit built by and with pride in Houston Texas by the original Ellis Williams. We wrote the book on mud pumps!!!!!"

(b) On or around January 30, 2024, Defendant Williams published a LinkedIn post that

states:

"Inspection & recertification of capital equipment is an important part of ensuring that your equipment is performing at it's [sic] utmost best, that your equipment can continue to be used safely, and that any deterioration is detected and remedied before it results in unacceptable risk to equipment longevity and personnel. #EWECO #EllisWilliams has a long history of supporting all Ellis Williams pumps, no matter the generation, with superior service, expertise and knowledge. Is your pump in need of a flip? Call us to assist. Ellis Williams wrote the book on mud pumps and every Ellis Williams pump is built by and with pride in Houston Texas by the original Ellis Williams. Many will imitate but there is only one original. We specialize in the service, recertification and support of all 2200hp Ellis Williams pumps onshore and offshore. EWECO Ellis Williams is a division of ShalePumps, LLC."

54.     Attached hereto as **Composite Exhibit 9** are copies of Defendant Williams' January 24, 2024 and January 30, 2024 LinkedIn posts.

55.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

56.     Defendants' use and application to register the Infringing Marks is inconsistent with and disputes or contests Plaintiff's exclusive right and title in Plaintiff's Marks.

57.     Defendants lack good faith in adopting, applying to register and continuing to use the Infringing Marks.  Defendants intentionally adopted the Infringing Marks to capitalize on the goodwill associated with Plaintiff's Marks.  Defendants' intentional actions thus constitute an exceptional case and entitle Plaintiff to enhanced damages and attorney fees.

58.     Defendants' use of the Infringing Marks has diluted and is likely to continue to dilute the distinctive quality of Plaintiff's Marks.

59.     Defendants' use of and attempt to register the Infringing Marks unjustly enriches Defendant ShalePumps at Plaintiff's expense.

60.     Defendants' use of the Infringing Marks deprives Plaintiff of the ability to control the nature and quality of the goods and services provided under Plaintiff's Marks and places Plaintiff's valuable reputation and goodwill in the hands of Defendants.

61.     Plaintiff has been and continues to be damaged by Defendants' activities and conduct.  Defendants have profited thereby and, unless enjoined, Plaintiff's business, goodwill, and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages.

62.     Plaintiff has filed or will file a Petition to Cancel Defendant ShalePumps' registrations of the Infringing Marks with the USPTO.

## V.    FIRST CAUSE OF ACTION
### Violations of Section 43(a) of the Lanham Act in Connection with
### Defendants' Unauthorized Use of Plaintiff's Marks

63.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

64.    The acts of Defendants complained of herein constitute false designation of origin, false or misleading descriptions or representations of fact, and otherwise constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.    Defendant ShalePumps' products offered for sale and sold by Defendant ShalePumps are of the same general nature and type as Plaintiff's Products, as such Defendants' use of the Infringing Marks has already caused actual consumer confusion in the marketplace and is likely to continue to cause confusion to the general purchasing public.

66.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein and the conduct of Defendants in the marketplace, including Defendant Williams' LinkedIn posts, constitutes use of a false designation of origin and/or misleading description and representation of fact.  Specifically, Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant ShalePumps' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

67.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

68.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     As a result of Defendants' conduct, Plaintiff has been damaged and is entitled to damages including but not limited to Defendants' profits from the sale of all infringing goods and/or services, actual damages, enhanced damages, corrective advertising damages, costs of litigation, and attorney fees.

70.     As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer irreparable injury with no adequate remedy at law.  Without injunctive relief, Plaintiff has no means to control the continuing injury to its reputation and goodwill.  No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of marks that are confusingly similar to Plaintiff's Marks.  Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Infringing Marks in conjunction with its goods and/or services.

## VI.     SECOND CAUSE OF ACTION
### Common Law Trademark Infringement and Unfair Competition

71.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

72.     Defendants' conduct violates Plaintiff's common law trademark rights and constitutes unfair competition under the common law of the State of Texas.

73.     Plaintiff has built up valuable goodwill in Plaintiff's Marks and the public recognizes Plaintiff as the source of goods and services offered under Plaintiff's Marks.

74.     With full knowledge of Plaintiff's use and ownership of Plaintiff's Marks, Defendants trade on the goodwill associated with Plaintiff's Marks, and mislead the public into

assuming a connection between Defendant ShalePumps' goods and services and Plaintiff's Marks.

75.     Defendants' unauthorized use of the Infringing Marks on and in connection with the manufacture, distribution, marketing, offering for sale, and/or sale of Defendant ShalePumps' products is likely to and does permit Defendants to pass off Defendant ShalePumps' products to the general public as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendants.

76.     Defendants' actions have caused and will continue to cause confusion, or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of its commercial activities.

77.     Defendants committed these acts maliciously and in conscious disregard of Plaintiff's rights. Defendants have caused and will continue to cause injury to Plaintiff. Plaintiff is entitled to injunctive relief and to recover actual damages and exemplary damages due to the knowing, willful, and intentional nature of Defendants' actions.

## VII.   THIRD CAUSE OF ACTION
## Common Law Unjust Enrichment

78.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

79.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiff's expense in violation of the common law of the State of Texas.

## VIII.   FOURTH CAUSE OF ACTION
## Cancellation of Trademark Registrations Due to Fraud

80.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

81.     At the time of filing its Ser. Nos. 90/343,120 and 90/827,818 (collectively, the "Infringing Applications"), Defendants were aware that Plaintiff used Plaintiff's Marks in connection with similar goods and services listed in the Infringing Applications.

82.     Defendants' representations to the USPTO in the Infringing Applications (*e.g.*, that no other person, firm, corporation, or association has the right to use "ELLIS WILLIAMS" and "EWECO" in commerce) were false, made with knowledge that the representations were false, and intended to mislead the USPTO into issuing the Reg. Nos. 6,719,949 and 7,007,469 (collectively, "Infringing Registrations"), which Defendant ShalePumps was not entitled to receive.

83.     Defendants were aware that the foregoing false or fraudulent statements would be relied upon by the USPTO in making its determination during the examination and approval of the Infringing Applications.

84.     Defendants are not entitled to the continued registration of the "ELLIS WILLIAMS" and "EWECO" marks because Defendants misled the USPTO into believing statements concerning the Infringing Applications that, had the USPTO known the truth thereof, the USPTO would not have approved the registration of the marks as provided by statute.

85.     Plaintiff alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the designations "ELLIS WILLIAMS" and "EWECO" are not valid trademarks of Defendant ShalePumps and that Defendant ShalePumps' alleged trademark rights, including the Infringing Registrations, in and to the designations "ELLIS WILLIAMS" and "EWECO" are invalid and unenforceable on the grounds of fraudulent procurement.

## IX.    FIFTH CAUSE OF ACTION
### Civil Liability for False or Fraudulent Registration

86.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

87.    15 U.S.C. § 1120 states that "[a]ny person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

88.    Defendant ShalePumps obtained the Infringing Registrations for the "ELLIS WILLIAMS" and "EWECO" marks by false or fraudulent declaration in writing in the Infringing Applications and/or by false means through Defendant Williams' representations, on behalf of Defendant ShalePumps, during the prosecution of the Infringing Applications.

89.    Plaintiff has sustained harm and damages as a consequence of representations made by Defendants in connection with the applications for the Infringing Registrations for which Plaintiff is entitled to recover damages pursuant to 15 U.S.C. § 1120.

90.    Plaintiff alleges and seeks an award of damages pursuant to 15 U.S.C. § 1120 as a result of its damages resulting from Defendant ShalePumps' procurement of U.S. Trademark Registration Nos. 6,719,949 and 7,007,469 by false or fraudulent declarations or representations or by other false means.

## X.    SIXTH CAUSE OF ACTION
### Declaratory Judgment of Non-infringement

91.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

92.     Plaintiff does not infringe the invalid, unenforceable, and/or fraudulently procured registered trademarks "ELLIS WILLIAMS" and "EWECO."

93.     Plaintiff should be permitted to continue using these marks as it has been doing since November 16, 2020.

94.     Plaintiff alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Plaintiff has not infringed, and does not infringe, any alleged trademark rights Defendants may have in and to the "ELLIS WILLIAMS" and "EWECO" marks.

## XI.      JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

## XII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a)     Defendant Williams and Defendant ShalePumps, its officers, directors, agents, servants, employees, attorneys and all those persons in active concert or predication with Defendants, be preliminarily and permanently enjoined and restrained from further infringing upon Plaintiff's rights in Plaintiff's Marks, including but not limited to any use of the Infringing Marks;

(b)     Defendants be required to deliver to Plaintiff's counsel for destruction, or show proof of destruction of, any and all items in Defendants' possession or control that bear the Infringing Marks;

(c)     Defendants be ordered to file with this Court and to serve upon Plaintiff, within 30 days after the entry and service on Defendants of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d)     The Court enter judgment declaring that Plaintiff has not infringed and does not infringe any alleged trademark rights of Defendant ShalePumps in and to the designations "EWECO" and "ELLIS WILLIAMS";

(e)     The Court enter judgment directing, in a decree or order certified by the Court to the United States Patent and Trademark Office, that U.S. Trademark Registration Nos. 6,719,949 and 7,007,469  be cancelled pursuant to 15 U.S.C. § 1119;

(f)     Plaintiff recover all damages sustained as a result of Defendants' activities;

(g)     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(h)     Plaintiff recover reasonable attorney fees;

(i)     Plaintiff recover enhanced and punitive damages and costs of this action, together with pre-judgment and post-judgment interest; and

(j)     Plaintiff recover such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Drake M. Lawsage
**Terrell Miller**
**Attorney-in-charge**
Texas Bar No. 24046446
S.D.T.X Bar No. 922604
Email: tmiller@foley.com
**Drake M. Lawsage**
Texas Bar No.24102070
S.D.T.X. Bar No. 3089953
Email: dlawsage@foley.com
FOLEY & LARDNER LLP
1000 Louisiana St
Suite 2000

Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile:  (713) 276-5555

Of Counsel:
**Laura Ganoza** (*pro hac vice* pending)
FOLEY & LARDNER LLP
2 S. Biscayne Blvd
Suite 1900
Miami, Florida 33131
Email: lganoza@foley.com
Telephone: (305) 482-8400
Facsimile: (305) 482-8600

**Emily Ostreich** (*pro hac vice* pending)
FOLEY & LARDNER LLP
321 N. Clark St.
Suite 3000
Chicago, IL 60654
Email: eostreich@foley.com
Telephone: (312) 832-4500
Facsimile: (312) 832-4700

**ATTORNEYS FOR EW PUMPS, LLC**